```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
MARIE GUERRERA,

                    Appellant,
                                               DISMISSAL ORDER
          -against-                            21-CV-0028(JS)

UNITED STATES TRUSTEE,

                    Appellee.
-------------------------------------X
APPEARANCES
For Appellant:      Marie Guerrera, pro se
                    P.O. Box 1082
                    Riverhead, New York 11901

For Appellee:       Christine Black, Esq.
                    Office of the U.S. Trustee
                    560 Federal Plaza
                    Central Islip, New York 11722
```

SEYBERT, District Judge:

Appellant Marie Guerrera, also known as Marie Guerrera Tooker ("Guerrera-Tooker" or "Appellant"), appeals from an order issued by Judge Robert E. Grossman in a Chapter 11 bankruptcy case (Bankr. No. 20-73654) that denied Appellant's application to pay the filing fee in installments. (See Appeal, ECF No. 1.) Appellant is no stranger to this Court and has filed at least six (6) appeals from orders issued by Judge Grossman in Bankruptcy Case No. 15-75499. See Tooker v. Quest Ventures, Ltd., No. 16-CV-7070 (E.D.N.Y.) (Bianco, J.); Tooker v. Quest Ventures Ltd., et al., No. 17-CV-4589 (E.D.N.Y.) (Seybert, J.); Tooker et al. v. Quest Ventures Ltd., et al., No. 18-CV-6331 (E.D.N.Y.) (Seybert,

J.); Tooker et al. v. Quest Ventures Ltd., et al., No. 18-CV-6644 (E.D.N.Y.) (Seybert, J.); Tooker et al. v. Quest Ventures Ltd., et al., No. 19-CV-0064 (E.D.N.Y.) (Seybert, J.); Guerrera Tooker v. Quest Ventures, Ltd., No. 21-CV-1290 (E.D.N.Y.) (Seybert, J.); see also In re Quest Ventures, Ltd., 790 F. App'x 334 (2d Cir. 2020) (Second Circuit affirming this Court's order dismissing Appellant's appeal (Case No. 17-CV-4589) of an order issued by Judge Grossman in Bankruptcy Case No. 15-75499). Notwithstanding her experience appealing Bankruptcy Court orders to this Court, Appellant failed to file her opening brief, although it was due to be filed on March 18, 2021. (See Feb. 16, 2021 Order, ECF No. 3.)

Accordingly, on March 23, 2021, the Court issued an Electronic Order:

> On or around January 4, 2021, Appellant filed this appeal from an order of the bankruptcy court. She has failed to file her opening brief, although it was due to be filed on March 18, 2021. Appellant is no stranger to this Court; however, in an abundance of caution and given her pro se status, the Court extends the time for Appellant to file her opening brief as follows: Appellant shall file her opening brief on or before April 22, 2021; opposition briefs shall be filed on or before May 24, 2021; and Appellant's reply brief, if any, shall be filed on or before June 8, 2021. Absent extraordinary circumstances, no extensions of this briefing schedule will be granted. **If Appellant fails to file her brief on or before April 22, 2021, this appeal will be DISMISSED WITHOUT FURTHER NOTICE for failure to prosecute**. . . .

(Mar. 23, 2021 Elec. Order.) Appellant failed to comply with the

2

Court's March 23, 2021 warning that "**this appeal will be DISMISSED WITHOUT FURTHER NOTICE**" "**[i]f Appellant fails to file her brief on or before April 22, 2021**." (Id.)

Nonetheless, given her pro se status and "in an abundance of caution," on April 30, 2021, the Court afforded Appellant a "final opportunity to file her opening brief in this matter." (Apr. 30, 2021 Order, ECF No. 4, at 2-3.) In the April 30, 2021 Order, the Court issued the following directives:

> **Appellant is ORDERED TO SHOW CAUSE, in writing, at or before 5:00 pm on May 17, 2021, why this appeal should not be dismissed.** To comply with this Order to Show Cause, Appellant must file BOTH (1) an affidavit showing good cause for her failure to comply with the Court's March 23, 2021 Electronic Order and her failure to file her opening brief AND (2) her opening brief.
>
> **APPELLANT IS ON NOTICE: (1) No extensions of this deadline will be granted**. Any request for an extension of time to comply with this Order to Show Cause will not stay this deadline, nor will any other manner of request; and
>
> **(2) IF APPELLANT FAILS TO FILE AN AFFIDAVIT AND OPENING BRIEF AT OR BEFORE 5:00 PM ON MAY 17, 2021, THIS APPEAL WILL BE DISMISSED WITHOUT FURTHER NOTICE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDERS**.

(Id. (emphases in original).)

This final deadline has expired, and Appellant has not filed an affidavit and opening brief, nor has she otherwise communicated with the Court. Therefore, this Appeal is DISMISSED

3

for her failures to comply with Court Orders. The Court finds Appellant's failures to comply with Court Orders to be willful. Appellant has appeared before this Court, the Bankruptcy Court, and the Second Circuit in multiple proceedings, and she is an experienced litigant despite her pro se status. Indeed, the Court observes that, on or around May 7, 2021, Guerrera-Tooker filed an opening brief and appendix in a separate appeal from the Bankruptcy Court: Guerrera Tooker v. Quest Ventures, Ltd., No. 21-CV-1290 (E.D.N.Y.) (Seybert, J.), at ECF Nos. 4-5. She is thus well aware that she is required to brief all appeals she files. The Court concludes that sanctions short of dismissal would not be effective, given that warnings of impending dismissal have not caused Appellant to file her brief. While Appellant's non-compliance is not of a great duration, the Court's unambiguous warnings support the imposition of the sanction of dismissal for failure to comply with the Court's orders. Brissett v. Manhattan & Bronx Surface Transit Operating Auth., 472 F. App'x 73, 74 (2d Cir. 2012).

Alternatively, dismissal of this case for failure to prosecute is warranted. Appellant has not filed an appellate brief, which was due to be filed on March 18, 2021. The Court has warned Appellant that her failures to comply with Court Orders or file her brief would result in dismissal. The Court has an interest in managing its docket and alleviating court congestion, and it has been unable to do so despite providing Appellant with

4

opportunities to move this Appeal forward. Finally, lesser sanctions would be ineffective in light of Appellant's failures to file her brief or comply with Court Orders in the face of warnings that this case would be dismissed for those failures. Brow v. City of N.Y., 391 F. App'x 935, 936-37 (2d Cir. 2010).

In light of the foregoing, this Appeal is DISMISSED. The Clerk of the Court is respectfully directed to enter judgment accordingly, mark this case CLOSED, and mail a copy of this Order to the pro se Appellant at her address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT\
Joanna Seybert, U.S.D.J.

Dated: May 19, 2021\
Central Islip, New York